O

1
2
3
4
5
6
7

8           UNITED STATES DISTRICT COURT
9           CENTRAL DISTRICT OF CALIFORNIA
10                 WESTERN DIVISION
11

| | |
|---|---|
| 12  DIGITAL MEDIA GROUP, INC./DMG d/b/a KJ ENTERTAINMENT, a California corporation<br>13<br>14                    Plaintiff,<br>15         v.<br>16  ANGKORWAT, a Minnesota corporation; MOLINA KIM d/b/a SPPCI, INC., an unknown business entity, SOMPHEA SIN, individually and doing business as TWO DOVES, an unknown business entity; KETV/CAMVISION, an unknown business entity; REAHU/NTRY, an unknown business entity; MARY VIDEO, an unknown business entity; HAWAII VIDEO, an unknown business entity; ASIAN STAR TV AND VCR REPAIR, an unknown business entity; and DOES 1-10,<br>24<br>25                    Defendants. | Case No.: CV 08-08531 CAS (CTx)<br><br>**DEFAULT JUDGMENT AGAINST DEFENDANT ASIAN STAR TV AND VCR REPAIR** |

26
27
28

Based upon the moving papers of plaintiff DIGITAL MEDIA GROUP, INC./DMG ("DMG" or "Plaintiff"), the declarations of Jay Yang, Alma Villegas and Konrad K. Gatien filed therewith, the Summons and Complaint herein, the default of defendant ASIAN STAR TV AND VCR REPAIR ("Asian Star" or "Defendant") entered by the Clerk of Court, and the other pleadings and papers filed herein, and Defendant having been advised of the consequences of its failure to appear:

**THE COURT HEREBY FINDS**

1.  This Court has jurisdiction over this matter pursuant to 17 U.S.C. § 501; 28 U.S.C. § 1331 and § 1338(a) and (b); and 28 U.S.C. § 1367. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) and § 1400(a). Service was properly made against Defendant.

2.  DMG is the exclusive North American licensee of those certain Korean television programs (collectively, the "Programs") owned by Seoul Broadcasting System International, Inc. ("SBS"), Mun Hwa Broadcasting Corporation ("MBC") and/or KBS America, Inc. ("KBS"), attached hereto as **Exhibit 1**.

3.  SBS, MBC and KBS have complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, et seq., including compliance with the statutory registration and deposit requirements, and secured the exclusive rights and privileges in and to the copyrights of the Programs ("Copyrights"). The Programs are original works of authorship, comprise copyrightable subject matter under the Copyright Act, and have been copyrighted in full compliance with the Copyright Act.

4.  As the exclusive licensee of the Programs owned by SBS, MBC and KBS, DMG has the exclusive right to reproduce, advertise, promote, distribute and to prepare derivative works of the Programs (DMG's "Exclusive Rights"). DMG's Exclusive Rights include, specifically, the right to prepare derivative works in the Cambodian and Thai languages.

5.  Defendant has sold unauthorized copies of the Programs for which DMG owns the Exclusive Rights. Accordingly,

-1-

**IT IS HEREBY ORDERED** that Defendant along with its respective officers, directors, employees, attorneys, partners, agents, subsidiaries, successors, assigns, affiliates and any and all persons and entities under Defendant's direction or control, or in active concert or participation with any of them, shall be and hereby are each **PERMANENTLY ENJOINED** and restrained from:

(a) directly or indirectly infringing the Copyrights, the Programs and Plaintiff's Exclusive Rights as described above in any manner, including generally, but not limited to manufacturing, importing, copying, distributing, advertising, selling, and/or offering for sale the Infringing Programs and/or any goods or other unauthorized products that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of the Copyrights or Programs;

(b) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe that, the actions of Defendant, the Infringing Programs sold by Defendant, or Defendant itself is connected with Plaintiff or its licensors, is sponsored, approved, or licensed by Plaintiff or its licensors, or is in some way connected or affiliated with Plaintiff or its licensors;

(c) affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff or its licensors;

(d) otherwise competing unfairly with Plaintiff in any manner;

|   |   |   |
|---|---|---|
| (e) | | diluting and infringing the aforementioned copyrighted works and damaging Plaintiff's goodwill, reputation and business; and |
| (h) | | effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(e) above. |

**IT IS FURTHER ORDERED** that Defendant, within thirty (30) days of Judgment, file and serve Plaintiff with a sworn statement setting forth in detail the manner in which Defendant has complied with this injunction pursuant to 17 U.S.C. § 502.

**IT IS FURTHER ORDERED** that Defendant deliver up for destruction to Plaintiff all unauthorized all copies or phonorecords found to have been made or used in violation of the copyright owner's exclusive rights, and of all plates, molds, matrices, masters, tapes, film negatives, or other articles by means of which such copies or phonorecords may be reproduced pursuant to 17 U.S.C. § 503.

**IT IS FURTHER ORDERED** that Defendant is liable to Plaintiff for Copyright Infringement under federal law, 17 U.S.C. §§ 501 et seq.

**IT IS FURTHER ORDERED** that Defendant is liable to Plaintiff for Federal Unfair Competition and False Designation of Origin and False Description under 15 U.S.C. § 1125(a) and at common law.

**IT IS FURTHER ORDERED** that Defendant is liable to Plaintiff for unfair competition under the laws of the State of California and at common law.

**IT IS FURTHER ORDERED** that Defendant be required to pay Plaintiff Five Hundred Thousand Dollars ($500,000) determined to be the award of Plaintiff's lost licensing fees, or the value of the works, pursuant to 17 U.S.C. § 504.

**IT IS FURTHER ORDERED** that Defendant pay Plaintiff's reasonable attorneys' fees and costs in the amount of $13,600.00 pursuant to 17 U.S.C. § 505 and Rule 55-3 of the Local Rules for the Central District of California.

**IT IS FURTHER ORDERED** that Defendant be prohibited from a discharge under 11 U.S.C.S. § 727 for malicious, willful and fraudulent injury to Plaintiff.

**IT IS FURTHER ORDERED** that the jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment, the enforcement thereof and the punishment of any violations thereof.

**IT IS FURTHER ORDERED** that this Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

**IT IS FURTHER ORDERED** that the Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, and the Court directs entry of judgment against Defendant.

Dated: May 4, 2009

_/s/ Christina A. Snyder_

Hon. Christina A. Snyder
UNITED STATES DISTRICT JUDGE

Respectfully submitted,

KEATS McFARLAND & WILSON LLP

By : _____/kkg/_____
Konrad K. Gatien
Attorneys for Plaintiff
Digital Media Group, Inc./DMG