1  Anthony M. Keats (Bar No. 123672)
   akeats@kmwlaw.com
2  Konrad K. Gatien (Bar No. 221770)
   kgatien@kmwlaw.com
3
4  KEATS MCFARLAND & WILSON LLP
   9720 Wilshire Boulevard
   Penthouse Suite
5  Beverly Hills, California 90212
   Tel: (310) 248-3830
6  Fax: (310) 860-0363

7  Attorneys for Plaintiff
   DIGITAL MEDIA GROUP, INC./
8  DMG d/b/a KJ ENTERTAINMENT

9
               UNITED STATES DISTRICT COURT
10
               CENTRAL DISTRICT OF CALIFORNIA
11
                      WESTERN DIVISION
12

13 | DIGITAL MEDIA GROUP, INC./DMG d/b/a KJ ENTERTAINMENT, a California corporation | Case No.: CV 08-08531 CAS (CTx)
14 |  |
   |  | **FINAL JUDGMENT UPON CONSENT WITH RESPECT TO DEFENDANT SOMPHAS SIN (INCORRECTLY IDENTIFIED IN THE COMPLAINT AS "SOMPHEA SIN") d/b/a TWO DOVES**
15 | Plaintiff, |
16 | v. |
17 | ANGKORWAT, a Minnesota corporation; MOLINA KIM d/b/a SPPCI, INC., an unknown business entity, SOMPHEA SIN, individually and doing business as TWO DOVES, an unknown business entity; KETV/CAMVISION, an unknown business entity; REAHU/NTRY, an unknown business entity; MARY VIDEO, an unknown business entity; HAWAII VIDEO, an unknown business entity; ASIAN STAR TV AND VCR REPAIR, an unknown business entity; and DOES 1-10, |
   | Defendants. |

Plaintiff, DIGITAL MEDIA GROUP, INC./DMG d/b/a KJ ENTERTAINMENT (hereinafter "DMG" or "Plaintiff"), having filed a Complaint in this action charging defendant SOMPHAS SIN (incorrectly identified in the Complaint as "SOMPHEA SIN") d/b/a TWO DOVES (hereinafter "Defendant") with federal copyright infringement, federal unfair competition and false designation of origin and false description, state statutory unfair competition, and constructive trust, and the parties desiring to settle the controversy between them, it is

**ORDERED, ADJUDGED AND DECREED** as between the parties that:

1. This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 501; 28 U.S.C. § 1331 and § 1338(a) and (b); and 28 U.S.C. § 1367. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b) and (c) and § 1400(a). Service was properly made against Defendant and Defendant does not contest service or jurisdiction.

2. DMG is a corporation duly organized and existing under the laws of the State of California and doing business as the fictitious business entity KJ Entertainment. DMG has a principal place of business at 2121 W. Crescent Ave., Suite D, Anaheim, California 92801. Since at least as early as 2006, DMG has been in the business of television and film distribution. DMG's activities include without limitation the licensing and distribution of Korean television programs dubbed or subtitled into other languages.

3. DMG is the exclusive North American licensee and/or owner by assignment of the copyrights in and to those certain Korean television programs identified in Exhibit 1 to the Complaint (collectively, the "Programs"), which were originally owned and/or produced by Seoul Broadcasting System International, Inc. ("SBS"), Mun Hwa Broadcasting Corporation ("MBC") and/or KBS America, Inc. ("KBS"). At all times herein relevant, SBS, MBC and KBS complied in all respects with the Copyright Act, 17 U.S.C. §§ 101, et seq., including compliance with the

statutory registration and deposit requirements, and secured the exclusive rights and privileges in and to the copyrights of the Programs (the "Copyrights"). The Programs are original works of the author, comprise copyrightable subject matter under the Copyright Act, and have been copyrighted in full compliance with the Copyright Act.

4. As the exclusive licensee of the Programs owned by SBS, MBC and KBS, DMG has the exclusive right to reproduce, advertise, promote, distribute and to prepare derivative works of the Programs. (DMG's rights are hereinafter referred to collectively as the "Exclusive Rights").

5. DMG's Exclusive Rights include, specifically, the right to prepare derivative works in the Cambodian and Thai languages.

6. Plaintiff and/or its authorized licensees have expended thousands of dollars in manufacturing, advertising and distributing the Programs.

7. As a result of the success of the Programs and DMG's use and promotion of its Exclusive Rights in and to the Programs, the Programs have become firmly associated with the quality of DMG's business. In order to maintain its reputation for quality as well as the value of its licenses, DMG maintains strict quality control over its duly authorized licensees. In doing so, DMG carefully ensures the quality of the derivative works distributed by its licensees and the advertising and promotional materials used by its licensees in connection with the promotion, reproduction and distribution of the Programs.

8. DMG has not authorized Defendant to reproduce, advertise, promote, distribute, offer for sale or sell the Programs or to prepare derivative works based on the Programs.

9. Defendant sold copies of DMG's Programs without DMG's authorization or consent (the "Accused Programs").

10. Defendant and its officers, directors, employees, attorneys, partners, agents, subsidiaries, successors, assigns, affiliates and any and all persons and entities

under Defendant's direction or control, or in active concert or participation with any of them, agree to be contractually enjoined and are immediately and permanently enjoined and restrained throughout the world from engaging in the following conduct without DMG's authorization or consent:

(a) directly or indirectly infringing the Copyrights, the Programs and Plaintiff's Exclusive Rights as described above in any manner, including generally, but not limited to manufacturing, importing, copying, distributing, advertising, selling, and/or offering for sale the Accused Programs and/or any goods or other unauthorized products that picture, reproduce, or utilize the likenesses of or which copy or bear a substantial similarity to any of the Copyrights or Programs;

(b) engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendant's customers and/or members of the public to believe that, the actions of Defendant, the Accused Programs sold by Defendant, or Defendant itself is connected with Plaintiff or its licensors, is sponsored, approved, or licensed by Plaintiff or its licensors, or is in some way connected or affiliated with Plaintiff or its licensors;

(c) affixing, applying, annexing, or using in connection with the manufacture, distribution, advertising, sale, and/or offering for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff or its licensors;

(d) otherwise competing unfairly with Plaintiff in any manner;

   (e) diluting and infringing the aforementioned copyrighted works and damaging Plaintiff's goodwill, reputation and business; and

   (f) effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(e) above.

  11. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of the settlement agreement between the parties, this Judgment, the enforcement thereof and the punishment of any violations thereof.

  12. This Judgment shall be deemed to have been served upon Defendant at the time of its execution by the Court.

  13. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendant.

Dated: <u>August 13, 2009</u>

             _____
              Hon. Christina A. Snyder
              United States District Judge

Presented by:

ANTHONY M. KEATS
KONRAD K. GATIEN
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
(310) 248-3830

_____
Konrad K. Gatien
Attorneys for Plaintiff
Digital Media Group, Inc./DMG
d/b/a KJ Entertainment

## **CONSENT**

The undersigned hereby consents to the entry of the Final Judgment Upon Consent.

Dated: June 1, 2009        SOMPHAS SIN d/b/a TWO DOVES

By:    _____/S/_____

Printed Name: _Somphas-Sin _____

Its:_Two Doves President_____